FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT, E.D.N.Y
★ MAR 2 0 2008 ★
BROOKLYN OFFICE

ORIGINAL
0&F
C/M

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
GARY LABARBERA and FRANK FINKEL as Trustees of Local 282 International Brotherhood of Teamsters Welfare, Pension, Annuity, Job Training and Vacation/Sick Leave Trust Funds,

                Plaintiffs,

-against-

INTERSTATE PAYROLL COMPANY INC., and CENTRAL YANKEE CONTRACTING CORP.,

                Defendants.
------------------------------------------------------------x

**MEMORANDUM AND ORDER**
Case No. 07-CV-1183 (FB) (MDG)

*Appearances:*
*For the Plaintiff:*
AVRAM H. SCHREIBER, ESQ.
40 Exchange Place, Suite 1300
New York, New York 10005

**BLOCK, Senior District Judge:**

        On March 21, 2007, plaintiffs (the "Fund") filed a complaint seeking (1) recovery of fringe benefit contributions and/or delinquency charges owed to the Fund including liquidated damages, (2) a permanent injunction enjoining defendants from violating the terms of the Collective Bargaining Agreements ("CBA") and Declaration of Trust with the Fund, (3) attorneys fees and costs, and (4) interest. As defendants have failed to respond to the complaint or otherwise defend against the action, *see* Docket Entry #11 (Clerk's Notation of Default dated December 18, 2007), plaintiff now moves for entry of a default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2).

A defendant's default is an admission of all well-pleaded allegations in the complaint except those relating to damages. *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992) ("While a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages."). A district court must nevertheless determine whether the allegations state a claim upon which relief may be granted, *see Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981) ("[A district court] need not agree that the alleged facts constitute a valid cause of action."); if they do, damages "must be established by the plaintiff in an evidentiary proceeding in which the defendant has the opportunity to contest the amount." *Greyhound Exhibitgroup*, 973 F.2d at 158.

Plaintiffs allege that both defendants employed workers covered by the CBA and Declaration of Trust in New York and executed certain CBA "wherein ... [d]efendants ... became obligated to pay fringe benefit contributions to the Funds," Compl. ¶ 8, and failed to make such payments beginning in September of 2006. *See id.* at ¶ 9.

These allegations – deemed admitted – are sufficient to establish a breach of the CBA and, by extension, a violation of ERISA. *See* 29 U.S.C. § 1145 ("Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement."). Thus, plaintiffs' motion for entry of a default judgment is granted.

Having established a violation of § 1145, the Funds are entitled to remedies under § 1132(g)(2), as well as any additional damages stemming from defendants' breach of the CBA; the matter is referred to the assigned magistrate judge for a report and recommendation on the relief to be awarded.

**SO ORDERED.**

FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
March 18, 2008