FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ JUN 02 2009 ★
BROOKLYN OFFICE

ORIGINAL

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------x
GARY LABARBERA and FRANK FINK
as Trustees of Local 282 International
Brotherhood of Teamsters Welfare,
Pension, Annuity, Job Training and
Vacation/Sick Leave Trust Funds,

            Plaintiffs,

  -against-

INTERSTATE PAYROLL COMPANY, INC.
and CENTRAL YANKEE CONTRACTING
CORP.,

            Defendants.
-------------------------------------------------x

**MEMORANDUM AND ORDER**
Case No. 07-CV-1183 (FB)(MDG)

*Appearances:*
*For the Plaintiff:*
AVRAM H. SCHREIBER, ESQ.
40 Exchange Place, Suite 1300
New York, NY 10005

**BLOCK, Senior District Judge:**

I

On March 21, 2007, plaintiffs, in their capacities as fiduciaries of the Local 282 International Brotherhood of Teamsters ("Local 282") Welfare, Pension, Annuity, Job Training and Vacation/Sick Leave Trust Funds ("the Funds"), filed suit against Interstate Payroll Company, Inc. ("IPC") and Central Yankee Contracting Corp. ("CYC"). Plaintiffs' complaint alleged that defendants violated the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1145, by, *inter alia,* failing to make required contributions to employee benefit plans. As a result of defendants' failure to answer or otherwise defend, *see* Docket Entry #11 (Clerk's Entry of Default), a default judgment was entered on March 20, 2008, and the matter was referred to Magistrate Judge Marilyn D. Go to determine the

relief to be awarded. *See* Docket Entry #16 (Memorandum and Order).

On March 16, 2009, Magistrate Judge Go issued a Report and Recommendation ("R&R"), *see* Docket Entry #20, recommending that judgment be entered against IPC in the amount of $69,190.60, plus an additional $5.93 *per diem* in interest from April 1, 2009 until the entry of judgment, and against CYC in the amount of $27,770.92, plus an additional $4.67 *per diem* in interest from April 1, 2009 until the entry of judgment. The R&R also recommended that plaintiffs' request for injunctive relief be denied. The R&R stated that "[a]ny objections . . . must be electronically filed . . . within ten days of the date of this order," and noted that "[f]ailure to file objections within the specified time waives the right to appeal." R&R at 27 (citations omitted). IPC and CYC timely filed their joint objections to the R&R. *See* Docket Entry #21.

## II

"[A] district court evaluating a magistrate judge's recommendation is permitted to adopt those portions of the recommendation to which no specific, written objection is made, as long as those sections are not clearly erroneous." *Greene v. WCI Holdings Corp.*, 956 F. Supp. 509, 513 (S.D.N.Y. 1997) (internal quotation marks and citations omitted).

By contrast, "[s]hould either party object to the magistrate's recommendation, . . . '[the district court] shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.'" *Grassia v. Scully*, 892 F.2d 16, 19 (2d Cir. 1989) (quoting 28 U.S.C. § 636(b)(1)(B)). Even when exercising *de novo* review, however, "[t]he district court need

2

not . . . specifically articulate its reasons for rejecting a party's objections . . . ." *Morris v. Local 804, Int'l. Bhd. of Teamsters*, 167 F. App'x 230, 232 (2d Cir. 2006). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate. The judge may also receive further evidence or recommit the matter to the magistrate with instructions." *Grassia*, 892 F.2d at 19 (quoting 28 U.S.C. § 636(b)(1)).

### III

Defendants first assert that they "did not interpose an Answer to the Complaint [because they were] involved in extensive settlement negotiations for an extended period of time" – an assertion which plaintiffs dispute. Objections at 1-2. This is not actually an "objection" to the R&R itself, but rather, is a procedurally improper request for vacatur of the Court's entry of default. Even if a proper motion to vacate the entry of default were before the Court, the Court would not grant it: Fed R. Civ. P. 55(c) allows vacatur of an entry of default "for good cause," and defendants' willful choice to ignore this litigation in the hopes that it would be resolved out of court is not good cause. *Cf. Directv, Inc. v. Rosenberg*, No. 02 Civ. 2241(RCC), 2004 WL 345523, at *2 (S.D.N.Y. 2004) (refusing to vacate default judgment where defendant's "failure to appear . . . [was] due to his understanding that the matter would be resolved through settlement").[1]

---

[1] Together with their letter objecting to the R&R, defendants submitted a certification by Joseph Carlos, defendants' comptroller, which contains an additional purported excuse: it avers that, "[d]ue to the downturn in the economy, the Defendants have been caused to downsize [their] administrative office staff, and have moved locations," which "also contributed to the fact that an Answer was not filed." Carlos Cert. ¶ 4. This vague and conclusory statement also falls far short of showing good cause: understaffing alone manifestly does not excuse defendants' delay of just under *two years* between service and their first display of interest in this litigation.

3

Defendants next seek to "contest the allegation[s] [in plaintiffs' complaint] ... that [defendants] submitted various late payments" and that they "had sufficient notice for liability for the [unpaid] contributions...." Objections at 2. Again, this is not a proper "objection" to the R&R, as defendants' default "constitute[d] a concession of all well pleaded allegations of liability" in plaintiffs' complaint. *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992). Defendants cannot contest plaintiffs' factual allegations without vacatur of the Court's entry of default – which, as the Court has noted, is not justified on the facts defendants have asserted.

Finally, defendants "seek to contest the [R&R's] calculations relating to the unpaid contributions, the interest calculations, the liquidated damages calculations and the attorney fee calculation." *Id.* at 2. Unlike the issue of liability, which was settled when defendants defaulted, defendants *are* entitled to challenge the R&R's damage award. *See Greyhound Exhibitgroup*, 973 F.2d at 158 ("[A] party's default ... it is not considered an admission of damages."). However, defendants specify no basis and provide no documentary support for their objections to the R&R's calculations – they merely state, with no elaboration, that they "seek to contest" them. These are not "*specific* written objections" of the type which mandate *de novo* review of an R&R. Fed. R. Civ. P. 72(b) (emphasis added); *accord Spencer v. Bouchard*, 449 F.3d 721 (6th Cir. 2006) ("Overly general objections do not satisfy the objection requirement."); *Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987) ("[C]onclusive or general objections need not be considered by the district court.").

Notwithstanding the inadequacy of defendants' objections, however, the

Court has reviewed *de novo* the R&R's calculations of damages, interest and attorney's fees and finds no errors therewith. Accordingly, the Court adopts the R&R in its entirety and orders that judgment be entered against IPC in the amount of $69,190.60, plus an additional $5.93 *per diem* in interest from April 1, 2009 until the entry of judgment, and against CYC in the amount of $27,770.92, plus an additional $4.67 *per diem* in interest from April 1, 2009 until the entry of judgment. Injunctive relief is denied.

**SO ORDERED.**

S/FB

FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
May 27, 2009